UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

JOSE MARIA LOPEZ

      Plaintiff

vs.

HAMERSMITH, INC.

      Defendant

—————————————————————/

Case No. **97-2176**

**CIV-KEHOE**

MAGISTRATE JUDGE
BANDSTRA



## NOTICE OF REMOVAL

**TO:** **The Honorable Judges of the United States District Court for the Southern District of Florida**

Defendant, HAMERSMITH, Inc., through its attorneys, McDermott, Will & Emery, and pursuant to 28 U.S.C. §§ 1441 and 1446, Notices the Removal of this cause from the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami, and states:

1.  HAMERSMITH is the named defendant in a civil action brought in the Circuit Court for the Eleventh Judicial Circuit Court in and for Dade County, Florida, styled <u>Lopez v. Hamersmith</u>, Case No. 97-11439-CA-30.

2.  In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Defendant are attached hereto as **Exhibits 1** through **13**. An index of the pleadings is appended to this notice.

3.  Undersigned counsel for HAMERSMITH first became aware that Plaintiff had filed a lawsuit against HAMERSMITH by receipt of correspondence from counsel for Plaintiff on June 17, 1997. Counsel for HAMERSMITH first received a copy of the complaint by

CASE NO. 97-11439-CA-30

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served by [Facsimile] [U.S. Mail] [Federal Express] [Hand delivery] to J.H. Zidell, Esq., 2999 N.E. 191st St. #704, Aventura, FL  33180, this ⧸⧸ day of July, 1997.

By: _____
              Bryan R. Cleveland

4

## **APPENDIX**

JOSE MARIA LOPEZ,

      Plaintiff,

vs.

HAMERSMITH, INC.,

      Defendant

————————————————/

1.   Plaintiff Complaint and Civil Cover Sheet

2.   Summons

3.   Plaintiff  First Request for Admissions

4.   Plaintiff  First Request for Production to Defendant

5.   Plaintiff  Notice of Serving Interrogatories

6.   Plaintiff  Notice of Deletion

7.   Plaintiff  Notice of Taking Deposition of of Rick Redecker on July 8, 1997 at 9:30 a.m. and subpoena duces tecum

8.   Plaintiff  Notice of Production from Third Party

9.   Defendant  Objection to Notice of Deposition and Motion to Quash

10.  Defendant  Notice of Taking Deposition of **Jose Maria Lopez set for 7/3/97 at 10:00 a.m.**

11.  Defendant  ReNotice of Taking Deposition of Jose Maria Lopez set for **7/14/97 at 10:00 a.m.**

12.  Plaintiff  Notice of Taking Deposition of Third Party of **Rick Redecker on July 15, 1997 at 4:30 P.M. and subpoena duces tecum**

13.  Plaintiff  Notice of Production from Third Party



IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.

CASE # **97-11439** **CA 3 0**

HAMERSMITH, INC.
Defendant.

_____/ COMPLAINT.

**COMES NOW Plaintiff, by and through undersigned counsel, and states:**

**1. This is an action for damages in excess of $15,000.00 exclusive of costs and interest.**

**2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.**

**3. The Defendant is a corporation that is located in Dade County and regularly transacts business within Dade County.**

**4. All acts or omissions giving rise to this dispute took place in Dade County.**

<u>FEDERAL STATUTORY VIOLATION</u>

**5. This action arises under the law of the United States.**

**6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. SS 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.**

**7. 29 U.S.C S 206 (a) (1) states " ..an employer must pay a minimum wage of $4.25/hr to an employee who is engaged in commerce..." [29 U.S.C. S 206 (a) (1)]"**

8. 29 U.S.C. S 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. More specifically, the Defendant's business activities include, but are not limited to, freight handling and warehousing services.

10. Plaintiff worked an average of (70.0) hours per week for Defendant from on or about September 8th, 1994 until on or about December 15th , 1996--the date when Plaintiff was discharged. The statue of limitations for this action should be tolled so as to afford Plaintiff maximum overtime recovery under F.L.S.A. because the Defendant did not post overtime entitlement notices in its business during the relevant time frame and both parties' Counsel have at least agreed to toll part of the statute of limitations for all relevant time periods.

11. Plaintiff was paid an average of $7.50 /hr. for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

12. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## COUNT II: DEFAMATION

COMES NOW the Plaintiff, through Counsel, and re-alleges #s 1-4 above and further states:

13. On or about December 15th, 1996, the Defendant Corporation, acting through its agents and while engaged in the scope and course of their business duties and in furtherance of the Defendant Corporation's business objectives, falsely and maliciously accused Plaintiff of stealing and reselling a substantial portion of the Defendant's materials used in the warehousing department of Defendant's business.

14. On or about February 15th, 1997 and subsequent to Plaintiff's dismissal from employment with Defendant Corporation, Defendant Corporation, by and through the acts of its employees/agents engaged in the scope of their work duties and in furtherance of Defendant Corporation's business objectives including, but not limited to and upon information and belief, managerial employees of Defendant Corporation falsely and orally communicated, with malice and the intent to injure Plaintiff, to the Florida Department of Labor Employment Security as well as Plaintiff's fellow co-workers, friends, and

management personnel at Defendant Corporation that Plaintiff had stolen material/ money from the Defendant.

15. The statements referred to in paragraph 14 above were false and known to Defendant Corporation to be false at the time they were made.

16. The statements referred to in paragraph 14 above were communicated willfully and wantonly and in conscious disregard of the well being of the Plaintiff's person.

17. The statements referred to in paragraph six above were not priveleged.

18. As a result of the false statements intentionally made in #14 above in the Dade County area by the Defendant via its agents while engaged in the scope and course of their work duties and acting in furtherance of the Defendant Corporation's business objectives, the Plaintiff has suffered damage to his reputation, has been precluded from finding the only kind of work that he is trained to perform in the job market that he is used to working within, and has been otherwise damaged.

WHEREFORE, the Plaintiff requests a judgment for damages against the Defendant and any other relief found appropriate by the Court under the circumstances. AS TO ALL COUNTS IN THIS COMPLAINT, THE PLAINTIFF REQUESTS A TRIAL BY JURY.

## COUNT III: VIOLATION OF 29 U.S.C. 215 AGAINST DEFENDANT POMPIS

COMES NOW the Plaintiff and re-alleges 1-4, 9, 12, AND 13 above and further states:

19. 29 USC 215 (3) makes it illegal for an employer " to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act."

20. The Defendant fired the Plaintiff because the Plaintiff demanded all past overtime compensation that was due to him as described in 9 through 12 above. Additionally, the Defendant fictitiously created a reason for firing the Plaintiff as being theft when in all reality the true reason for Plaintiff's dismissal was due to Plaintiff's demand of overtime wages.

21. As a result, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff requests all relief found applicable by this Honorable Court to this current action against POMPIS in 29 USC 216 which states in part : and (b) Damages; right of action; attorney's fees and costs; ...Any employer who violates the provisions of section 15(a)(3) of this Act [ <=3>  29 USCS @ 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3) [ <=4>  29 USCS @ 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

Respectfully submitted,

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
2999 N.E. 191ST ST. #704
AVENTURA, FLORIDA 33180
305-933-8353
F.B.N. 0010121

BY: _____

J.H. ZIDELL

# CIVIL COVER SHEET

## I. CASE STYLE

**CIRCUIT COURT FOR DADE COUNTY**

Plaintiff -JOSE MARIA LOPEZ   Case #:

**97** 11439   CA 30

_____   Judge:

**vs**

**Defendant   HAMERSMITH INC.**

## II. TYPE OF CASE  (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | | Torts | Other Civil  Simplified dissolution | |
|---|---|---|---|---|
| Professional | Contracts | | Malpractice | |
| Dissolution | Products liability | Condominium  Support -- IV-D | | |
| Auto negligence | Real property/ | Mortgage  foreclosure | | |
| Support -- Non IV-D | Other negligence | Eminent domain   URESA -- IV- | | |
| D      X Other | | | | |

## III. Is Jury Trial Demanded in Complaint?

_____   XXX _____   Yes

_____   No

**DATE  05/19/97  SIGNATURE  OF  ATTORNEY  FOR  PARTY  INITIATING ACTION**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.                                          CASE #  97 - 1149

HAMERSMITH, INC.
Defendant.

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy the complaint
or petition in this action on  defendant, HAMERSMITH, INC. —registered
agent MINDA HAMERSMITH 1481 N.W. N. RIVER ROAD MIAMI FLA.
33125.

Each defendant is required to serve written defenses to the complaint or
petition on J.H. ZIDELL, ESQ., plaintiff's attorney, whose address is 2999 N.E.
191ST. ST. #704, AVENTURA, FLA. 33180, within 20 days after service of this
summons on that defendant, exclusive of the date of service, and to file the
original of the defenses with the clerk of this court either before service on the
attorneys or immediately thereafter. If a defendant fails to do so, a default
will be entered against that defendant for the relief demanded in the
complaint or petition.

DATED on _____, 19___.

JUN 2 3 1997

HARVEY RUVIN
As Clerk of the Court
By _____
As Deputy Clerk

ALL STATE LEGAL SUPPLY CO.  FORM 7L  1-800-222-0510

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.                                                      CASE #

HAMERSMITH, INC.
Defendant.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, by and through undersigned counsel. serves its first request for admissions to
Defendant, and requests the Defendant to admit or deny the truth of the following,
pursuant to Fla. R. Civ. P. 1.370.

1. Admit that Plaintiff worked an average of (70) hours per week with you during his
entire employment period with you as stated in the complaint.

2. Admit that you paid Plaintiff an average of $7.50/hr as a salary since Plaintiff began
employment with you until his termination from employment by you as stated in the
complaint.

3. Admit that you never paid Plaintiff overtime wages during Plaintiff's entire employment
period with you.

4. Admit that you pay overtime wages in some if not all of your employees and that such
has been a business practice of yours during the time period from 09/94 until 12/96.

5. Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire
employment period with you as stated in the complaint.

6. Admit that you never paid Plaintiff at least minimum wages as required by the law of
the United States.

7. Admit that, at times, you always paid Plaintiff in cash and that you never reported these
payments to the Internal Revenue Service.

8. Admit that you documented the Plaintiff to have worked far fewer hours that in reality
the Plaintiff worked for you.

9. Admit that the Plaintiff never stole anything from you during his entire employment
with you.

10. Admit that you defamed the Plaintiff exactly as described in Plaintiff's Complaint.

11. Admit that you fired the Plaintiff because he demanded his overtime wages from you.

Wherefore, Plaintiff serves his First Request for Admissions on Defendant pursuant to Fla.
R. Civ. P. 1.370.

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was attached to complaint
and that the date of service shall govern all corresponding response time limits as set forth
in the Fla. R. Civ. P. 1.350.

> **J.H. Zidell**
> **Attorney For Plaintiff**
> **2999 N.E. 191st St. #704**
> **Aventura, Fla. 33180**
> **(305) 933-8353**
> **F.B.N. 0010121**
> **By:** _____

A. STATE LEGAL AID LONG SINCE RECYCLED

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.                                                          CASE #

HAMERSMITH, INC.
Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Comes now Plaintiff, by and through undersigned counsel, and serves its first request for production to Defendant Corporation, and requests that Defendant Corporation produce the following for inspection, copying, and examination within (45) forty five days from the date hereof, pursuant to Fla. R. Civ. P. 1.350 as follows:

1. All receipts for all payments made to Plaintiff by Defendant during Plaintiff's entire employment term with Defendant. Include All paystubs from all paychecks.

2. All contracts/documents of employment relating to Plaintiff's employment with Defendant.

3. All time sheets for all weeks worked by Plaintiff for Defendant beginning with Plaintiff's commencement of employment with Defendant and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendant.

4. All documents. records. electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendant.

5. A list of all employees with names. phone numbers and addresses that Defendant has employed since 09/15/94 until DECEMBER 15TH, 1996.

6. All employee income reporting documents submitted by the Defendant to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint.

7. All police report(s) and/or correspondence in Defendant's possession relating to allegations of Plaintiff's theft of Defendant's merchandise/money.

Wherefore, Plaintiff serves its First Request for Production on Defendant Pursuant to Fla. R. Civ. P. 1.350.

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was attached to complaint and that the date of service shall govern all corresponding response time limits as set forth in the Fla. R. Civ. P. 1.350.

      **J.H. Zidell**
      **Attorney For Plaintiff**
      **2999 N.E. 191st St. #704**
      **Aventura, Fla. 33180**
      **(305)933-8353**
      **F.B.N. 0010121**
      **By:**

ALL-STATE LEGAL 800-222-0510   101115   RECYCLED

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.

CASE # 1 1 4 3 9  C-3 0

HAMERSMITH, INC.
Defendant.

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES

The Plaintiff hereby files his Notice of Service of Interrogatories propounded to the
Defendant and states that the original and one copy of said Interrogatories and a true copy
of the foregoing Notice of Serving Interrogatories were delivered to Defendant by a
process server on the same day marked on the return service of the complaint. The
Plaintiff requests that the Florida Rules of Civil Procedure be complied with and that all
time limits imposed by the same be adhered to by the Defendant when submitting answers
to the following questions to the undersigned.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was attached to the
complaint for this action and served on the Defendant by a certified process server.

J.H. ZIDELL
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N 0010121

BY:

ALL-STATE LEGAL® · 800-222-0510 · FORMS · RECYCLED ♻

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.

CASE # _97 - 11439_  CA 30

HAMERSMITH, INC.
Defendant.

_____

## PLAINTIFF'S NOTICE OF DELETION

COMES NOW THE PLAINTIFF, through Counsel, and states:

1. By unintentional error, undersigned Counsel made references to Defendant
"POMPIS" in his complaint. All references to "POMPIS" are hereby deleted and
simultaneously substituted with   the only Defendant to this action: namely,
"HAMERSMITH, INC."

WHEREFORE, the Plaintiff files his notice of deletion.

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N.0010121

### CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE
FOREGOING WAS MAILED, BY U.S. MAIL TO BRYAN R. CLEVELAND,
ESQ. AT 201 S. BISCAYNE BLVD, MIAMI, FLA. 33131 ON THIS 10TH DAY OF
JUNE, 1997.

BY: _____

J.H. ZIDELL

**RECEIVED**

JUN 17 1997

**MW&E MIAMI**

J. H. Zidell, P.A.  ATTORNEY AT LAW. 2999 N.E. 191ST ST. SUITE #704, AVENTURA, FL 33180 TEL. (305) 933-8353. FAX (305) 933-2585

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

CASE # 97-11439- Cp 30

vs.

HAMERSMITH, INC.
Defendant.

## NOTICE OF TAKING DEPOSITION OF 3RD PARTY.

TO: BRYAN R. CLEVELAND, ESQ.
201 S. BISCAYNE BLVD.
MIAMI, FLA. 33131-4336

Please take notice that on JULY 8TH, 1997 AT 2999 N.E. 191ST ST. #704,
AVENTURA, FLA. 33180 Plaintiff will take the deposition of:

1. RICK REDECKER--9:30A.M.

Upon oral examination, before James Schipano Court Reporters or some other
officer duly authorized by law to take depositions. The deposition will continue from
day to day until completed. The depositions are being taken for purposes of
discovery, for use at trial, or both or for such other purposes as are permitted under
the applicable rules. The deposition may be recorded by video tape.

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N.0010121

## CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE
FOREGOING WAS MAILED, BY U.S. MAIL TO BRYAN R. CLEVELAND,
ESQ. AT 201 S. BISCAYNE BLVD, MIAMI, FLA. 33131 ON THIS 10TH DAY OF
JUNE, 1997.

BY: J.H. ZIDELL

RECEIVED

JUN 17 1997

MW&E MIAMI

DOCKETED

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.

CASE # 97 - 11439 CA 30

HAMERSMITH, INC.
Defendant.

---

# SUBPOENA DUCES TECUM.

### THE STATE OF FLORIDA:

**RICK REDECKER**
**PREMIER BEVERAGES**
**3700 COMMERCE PKWY.**
**MIRAMAR, FLA. 33025**
**305-756-8973**

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at 2999 N.E. 191ST ST., SUITE #704, AVENTURA, FLORIDA 33180 ON JULY 8TH , 1997 AT 9:30 A.M. for the taking of your deposition in this action FROM DAY TO DAY UNTIL COMPLETE.

**YOU ARE COMMANDED TO BRING ALL DOCUMENTS IN RELATION TO THE LOSS/THEFT OF 88 CASES OF WINE/BRANDY OR ANY OTHER AMOUNT OF STOLEN/LOST ALCOHOL THAT BELONGED TO PREMIER BEVERAGES AND WAS IN THE CUSTODY AND CONTROL OF HAMMERSMITH, INC. THE LOSS ALLEGEDLY TOOK** PLACE IN 1996. YOU ARE ALSO COMMANDED TO BRING ANY OTHER DOCUMENTS IN **RELATION TO SAID THEFT/LOSS IN YOUR POSSESSION.**

### If you fail to appear, you may be in contempt of court.

You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.

DATED on JUNE 9TH , 1997
By _____
J.H. ZIDELL

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**2999 N.E. 191ST ST. #704**
**AVENTURA, FLA. 33180**
**305-933-8353**
**F.B.N.0010121**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.                                          CASE # 97- 11439 CA 30

HAMERSMITH, INC.
Defendant.

## NOTICE OF PRODUCTION FROM 3RD PARTY.

TO: BRYAN R. CLEVELAND, ESQ.
    201 S. BISCAYNE BLVD.
    MIAMI, FLA. 33131-4336

YOU ARE HEREBY NOTIFIED PURSUANT TO THE FLA. R. CIV. P. THAT
documents are requested from third parties in this action . You should respond
pursuant to the Fla. R. Civ. P.

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N.0010121

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE
FOREGOING WAS MAILED, BY U.S. MAIL TO BRYAN R. CLEVELAND,
ESQ. AT 201 S. BISCAYNE BLVD, MIAMI, FLA. 33131 ON THIS 10TH DAY OF
JUNE, 1997.

BY:

J.H. ZIDELL

RECEIVED

JUN 1 7 1997

MW&E MIAMI



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 97-11439-CA-30

JOSE MARIA LOPEZ

    Plaintiff

vs.

HAMERSMITH, INC.

    Defendant

_____/

THE ORIGINAL FILED

ON JUN 1 9 1997

IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

## DEFENDANT'S OBJECTION TO NOTICE
## OF DEPOSITION AND MOTION TO QUASH

Defendant, Hamersmith, Inc., appearing specially through its attorney, McDermott, Will & Emery, files this motion to quash a subpoena duces tecum for deposition on July 8, 1997, served upon a non-party, Rick Redecker of Premier Beverages, and as grounds therefore states:

1.  On June 17, 1997, undersigned counsel received a "Plaintiff's notice of deletion" and the aforementioned subpoena duces tecum addressed to Rick Redecker.

2.  Defendant, Hamersmith, Inc., has not been served with process in this cause, and therefore counsel has not entered an appearance.

3.  Undersigned counsel attempted to contact counsel for Plaintiff, but was informed that he was out of reach until Monday, June 23, 1997.

4.  Defendant Hamersmith fully intends to defend itself in this cause. However, because process has not been served, Plaintiff's notice is defective pursuant to Fla. R. Civ. P. 1.310(a).

CASE NO. 97-11439-CA-30

WHEREFORE, Defendant requests the Court to quash Plaintiff's notice of deposition of Rick Redecker.

Respectfully submitted,

McDERMOTT, WILL & EMERY

By: _____
Bryan R. Cleveland, Esq.
Florida Bar No. 0801984
201 S. Biscayne Blvd., ste 2200
22nd Floor
Miami, Florida 33131
(305) 358-3500
Attorney for Hamersmith, Inc.,
        specially appearing

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by [Facsimile] [U.S. Mail] [Federal Express] [Hand delivery] to J.H. Zidell, Esq., 2999 N.E. 191st St. #704, Adventura, FL 33180, this 14th day of June, 1997.

By: _____
Bryan R. Cleveland

2

ALL-STATE LEGAL 800-222-0510   100% RECYCLED

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 97-11439-CA-30

JOSE MARIA LOPEZ,

     Plaintiff

vs.

HAMERSMITH, INC.

     Defendant

_____/

**THE ORIGINAL FILED**

ON  JUN 2 5 1997

IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL.

## NOTICE OF TAKING DEPOSITION

TO:  J.H. Zidell
      2999 N.E. 191 Street, #704
      Aventura, FL  331380

     PLEASE TAKE NOTICE that pursuant to Rule 1.310, Florida Rules
of Civil Procedure the undersigned attorney will take the
deposition of:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| Jose Maria Lopez | Thurs., 7/3/97 at 10:00 a.m. | McDermott, Will & Emery 201 S. Biscayne Blvd. 22nd Floor Miami, FL  33131 |

upon oral examination before Daniels Reporting Service, Inc. Court
Reporters and Notaries Public or any other Notary Public or officer
authorized by law to take depositions in the State of Florida.  The
oral examination will continue until completed.  The depositions
are being taken for the purpose of discovery, for use at trial, or
are being taken for such other purposes as are permitted under the
Rules of Court.

     IT IS HEREBY CERTIFIED that a true copy of the foregoing
Notice was served by [U.S. mail] [Federal Express] [facsimile] to

CASE NO. 97-11439-CA-30

the above-named addresse, this $\underline{24th}$ day of June, 1997.

McDERMOTT, WILL & EMERY

By: _____

Bryan R. Cleveland
Florida Bar No. 0801984
201 S. Biscayne Blvd., ste 2200
22nd Floor
Miami, Florida 33131
(305) 358-3500
Attorney for Hamersmith, Inc.

cc: Daniels Reporting Service, Inc.
    19 West Flagler Street, Suite 605
    Biscayne Building
    Miami, FL  33130
    373-3143

2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

C          ⊏ \ 97-11439-CA-30

JOSE MARIA LOPEZ,

     Plaintiff

vs.

HAMERSMITH, INC.

     Defendant

_____/

THE ORIGINAL FILED

ON  JUN 2 5 1997.

IN THE OFFICE OF
CIRCUIT COURT DADE CO, FL,

## RE-NOTICE OF TAKING DEPOSITION

TO:  J.H. Zidell
    2999 N.E. 191 Street, #704
    Aventura, FL  33180

    PLEASE TAKE NOTICE that pursuant to Rule 1.310, Florida Rules of Civil Procedure the undersigned attorney will take the deposition of:

| NAME | DATE AND TIME | PLACE |
|------|---------------|-------|
| ~~Jose Maria Lopez~~ | ~~Mon., 7/14/97~~ **at 10:00 a.m.** | ~~McDermott, Will & Emery~~ **201 S. Biscayne Blvd.** ~~22nd Floor~~ **Miami, FL  33131** |

upon oral examination before Daniels Reporting Service, Inc. Court Reporters and Notaries Public or any other Notary Public or officer authorized by law to take depositions in the State of Florida.  The oral examination will continue until completed.  The depositions are being taken for the purpose of discovery, for use at trial, or are being taken for such other purposes as are permitted under the Rules of Court.

    IT IS HEREBY CERTIFIED that a true copy of the foregoing Notice was served by [U.S. mail] [~~Federal Express~~] [facsimile] to

CASE NO. 97-11439-CA-30

the above-named addresse, this ___ day of June, 1997.

McDERMOTT, WILL & EMERY

By: _____
    Bryan R. Cleveland
    Florida Bar No. 0801984
    201 S. Biscayne Blvd., ste 2200
    22nd Floor
    Miami, Florida 33131
    (305) 358-3500
    Attorney for Hamersmith, Inc.

cc: Daniels Reporting Service, Inc.
    19 West Flagler Street, Suite 605
    Biscayne Building
    Miami, FL 33130
    373-3143

2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff,

vs.

CASE # 97-11439
CA 30

HAMERSMITH, INC.
Defendant.

---

# SUBPOENA DUCES TECUM.
### THE STATE OF FLORIDA:

**RICK REDECKER**
**PREMIER BEVERAGES**
**3700 COMMERCE PKWY.**
**MIRAMAR, FLA. 33025**
305-756-8973

YOU ARE COMMANDED to appear before a person authorized by law to take depositions at
2999 N.E. 191ST ST., SUITE #704, AVENTURA, FLORIDA 33180 ON JULY 15TH, 1997 AT 4:30
P.M. for the taking of your deposition in this action FROM DAY TO DAY UNTIL COMPLETE.

YOU ARE COMMANDED TO BRING ALL DOCUMENTS IN RELATION TO THE
LOSS/THEFT OF 88 CASES OF WINE/BRANDY OR ANY OTHER AMOUNT OF
STOLEN/LOST ALCOHOL THAT BELONGED TO PREMIER BEVERAGES AND WAS IN
THE CUSTODY AND CONTROL OF HAMMERSMITH, INC. THE LOSS ALLEGEDLY TOOK
PLACE IN 12/96. YOU ARE ALSO COMMANDED TO BRING ANY OTHER DOCUMENTS IN
RELATION TO SAID THEFT/LOSS IN YOUR POSSESSION.

If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys and unless excused from this
subpoena by these attorneys or the court, you shall respond to this subpoena as directed

DATED on JUNE 25TH, 1997
By
J.H. ZIDELL
**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N.0010121

RECEIVED
JUN 3 0 1997
MW&E MIAMI

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

JOSE MARIA LOPEZ
Plaintiff.

vs.

CASE # _97 - 11439_
_CA 30_

HAMERSMITH, INC.
Defendant.

---

## NOTICE OF PRODUCTION FROM 3RD PARTY.

TO: BRYAN R. CLEVELAND, ESQ.
    201 S. BISCAYNE BLVD.
    MIAMI, FLA. 33131-4336

YOU ARE HEREBY NOTIFIED PURSUANT TO THE FLA. R. CIV. P. THAT
documents are requested from third parties in this action . You should respond
pursuant to the Fla. R. Civ. P.

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
2999 N.E. 191ST ST. #704
AVENTURA, FLA. 33180
305-933-8353
F.B.N.0010121

## CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE
FOREGOING WAS MAILED, BY U.S. MAIL TO BRYAN R. CLEVELAND,
ESQ. AT 201 S. BISCAYNE BLVD, MIAMI, FLA. 33131 ON THIS 19TH DAY OF
JUNE, 1997.

BY: _____

J.H. ZIDELL

JS 44
(Rev. 07

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**97 2176**

## I. (a) PLAINTIFFS

Jose Maria Lopez,

## DEFENDANTS

Hamersmith, Inc.

**CIV-KEHOE**

MAGISTRATE JUDGE
BANDSTRA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ADADE97CV2176/JWK/TEB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J.H. Zidell
2999  N.E. 191 Street, #704
Aventura, FL 33180    933-8353

**(d)** Circle County where action arose: Dade, Collier, Monroe, Broward, Glades, Palm Beach, Hendry, Martin, St. Lucie, Indian River, Okeechobee, Highlands

ATTORNEYS (IF KNOWN)

Bryan R. Cleveland
McDermott, Will & Emery
201 S. Biscayne Blvd., 22nd Floor
Miami, FL  33131  358-3500

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1441 et seq.

**IVa.** _3_ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT (A) | TORTS (A) | | FORFEITURE/PENALTY (B) | BANKRUPTCY (A) | OTHER STATUTES (A) |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS (A)** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| A/□ ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| A/□ ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR (A)** | **SOCIAL SECURITY (B)** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY (A)** | **CIVIL RIGHTS (A)** | **PRISONER PETITIONS (B)** | ☐ 740 Railway Labor Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | | | **FEDERAL TAX SUITS (B)** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 28 USC 7609 | A/□ ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ Category A or B | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint
**JURY DEMAND** ☒ YES ☐ NO

## VII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE  7/4/97

SIGNATURE OF ATTORNEY OF RECORD

678931    $150.00
7/4/97